IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41462
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE J. KNOTT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-70-1
--------------------

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Willie J. Knott appeals his sentence stemming from his guilty-plea conviction for assault with intent to rob a postal employee, in violation of 18 U.S.C. § 2114. He argues that the district court erred by increasing his offense level pursuant to U.S.S.G. § 2B3.1(b)(3)(B) because the injury sustained by the postal employee during the robbery was not serious.

It is not controverted that following the robbery, the postal employee (1) suffered from nightmares and panic and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

anxiety attacks; (2) was taking antidepressants; (3) was receiving mental health counseling; and (4) was unable to return to work.  The employee was ultimately diagnosed as suffering from Post Traumatic Stress Disorder (PTSD) and her prognosis was "guarded."

Thus, there was reliable evidence in the presentence report and the record that the postal employee suffered a serious bodily injury within the meaning of § 2B3.1(b)(3)(B).  Accordingly, the district court did not err.  See United States v. Reed, 26 F.3d 523, 530-31 (5th Cir. 1994)(holding that "post traumatic stress disorder" could be a "serious bodily injury" for purposes of § 2B3.1(b)(3)(B)).  The Government's motion to consolidate the instant appeal with the appeal in United States v. Jones, No. 98-41488 is denied.

AFFIRMED; MOTION DENIED.